IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ISRAEL SALGADO-SOSA,

                        Petitioner,

v.

WARDEN E. EMMERICH,

                        Respondent.

OPINION and ORDER

24-cv-827-jdp

---

    Israel Salgado-Sosa, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to early release in 2025. I will deny his petition.

    The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Salgado-Sosa states that his projected release date is February 13, 2028, and that he has accrued 365 days of First Step Act time credits that can be applied toward early release and an additional 190 days that can be applied toward earlier placement in a residential reentry center. *See also* Dkt. 1-3 (FSA Time Credit Assessment document confirming those totals). The

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

Bureau of Prisons refuses to apply those credits, stating that he is subject to a final order of removal issued by United States Immigration and Customs Enforcement. If that were true he would be ineligible to have First Step Act time credits applied to his sentence. *See* 18 U.S.C. § 3632(d)(4)(E)). But Salgado-Sosa states that no such removal order exists.

I will deny Salgado-Sosa's petition for two reasons. First, it is premature. "The First Step Act allows for earned time credits to be applied towards supervised release or prerelease custody only when the inmate has earned time credits that equal the remainder of the sentence." *Geraghty v. Keyes*, No. 23-cv-528-jdp, 2023 WL 7353187, at *1 (W.D. Wis. Oct. 2, 2023) (internal quotation omitted). Salgado-Sosa states that application of his First Step Act time credits would allow him to be placed in a residential reentry center sometime in 2025. But that is incorrect: he accurately restates the amount of credits that he has earned but applying those credits would put his RRC-placement date in August 2026, not 2025. So it is too early for me to consider having the government respond to the petition.

Second, Salgado-Sosa hasn't exhausted the BOP's administrative remedies. Salgado-Sosa says that the administrative remedy process is not available to him because his RRC-placement date is soon approaching, but he still has more than enough time to complete this process before August 2026.

Salgado-Sosa may refile his petition if he gets within six months of the early-release date that he believes that he is entitled to, he exhausts his BOP remedies, and the BOP still refuses to apply his credits.

ORDER

IT IS ORDERED that:

1. Petitioner Israel Salgado-Sosa's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED without prejudice.

2. The clerk of court is directed to enter judgment and close this case.

Entered December 17, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge